**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KULVINDER KAUR,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 11-70245

Agency No. A072-129-973

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Kulvinder Kaur petitions for review of a Board of Immigration Appeals

("BIA") decision affirming the denial of her applications for asylum, withholding

of removal, relief under the Convention Against Torture ("CAT"), and voluntary

departure. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the

petition.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The adverse credibility finding, as justified by the BIA, was not supported by substantial evidence. The BIA cited only two purported inconsistencies in Kaur's testimony, both of which are insufficient to support the finding. The first of these—a witness's inability to corroborate Kaur's testimony concerning the death of her uncle—relies on conjecture about the witness's conversations with Kaur and imports cultural assumptions that may not apply to the petitioner and her witness. *Kumar v. Gonzales*, 444 F.3d 1043, 1052 (9th Cir. 2006) (holding that an adverse credibility finding was improperly based on conjecture when the Immigration Judge determined that it was incredible that the petitioner would not know his brother's whereabouts despite their having fled India together).

The second purported inconsistency—Kaur's conflicting testimony about which political faction she belonged to—did not go to the heart of the claim, as required in pre-REAL ID Act cases such as this one. *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005). Significantly, Kaur claims that she was persecuted for her involvement in the All India Sikh Student Federation ("AISSF"), not for her involvement, if any, in Akali Dal. Moreover, her explanation that the two factions sometimes worked together was improperly rejected by the BIA, which cited evidence of the factions' disagreement on certain

2

issues, but disregarded evidence of the factions' agreement on other important issues.

The BIA also failed to address documentary evidence submitted by Kaur to support her testimony. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006) (noting that although the trier of fact may find that documentary evidence is not credible, "the record must include some 'evidence undermining their reliability,' such that a reviewing court can objectively verify whether the IJ has a legitimate basis to distrust the documents."). Kaur submitted a death certificate corroborating her testimony concerning her uncle's death; an affidavit from Ranjit Singh, her village sarpanch, supporting her testimony that she had been arrested and tortured; and a letter from the AISSF president confirming that she was a member of the organization and that she fled India due to harassment by police. The BIA did not address this evidence even though it supported key points in Kaur's claim.

**PETITION GRANTED AND REMANDED.**